IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES A. CHAMBERS,**
                    **Petitioner,**

      v.                                  CASE NO. 10-3074-SAC

**STATE OF KANSAS, et al.,**
                    **Respondents.**

**O R D E R**

This matter is before the court on a pro se pleading seeking relief under 28 U.S.C. § 2241, submitted by a person confined in the Sedgwick County Adult Detention Center in Wichita, Kansas. Also before the court is petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.[1]

Petitioner challenges the legality of a search apparently related to his present confinement, and seeks suppression of evidence seized in that search and dismissal with prejudice of the criminal charges filed against him. In a supplemental pleading, petitioner alleges prosecutorial misconduct in petitioner's pending state criminal proceeding.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While § 2241 may be appropriate for challenging

---

[1] The court will provisionally grant petitioner's motion for in forma pauperis status, subject to petitioner submitting a court approved form motion for filing under 28 U.S.C. § 1915, and a court approved habeas corpus form petition, if this action is not summarily dismissed for the reasons stated in this order.

pretrial detention, *see* Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007), comity concerns dictate that absent unusual circumstances a federal court is not to intervene in ongoing state criminal proceedings where state remedies are adequate to address petitioner's constitutional claims, and where resolution of state criminal charges involve important state interests to be resolved first in the state courts. Younger v. Harris, 401 U.S. 37, 54 (1971); Joseph A. ex rel. Corrine Wolfe v. Ingram, 275 F.3d 1253, 1267 (10th Cir. 2002). Reading petitioner's pleadings with the liberality to be afforded pro se litigants, the court discerns no valid basis to permit this court to intervene in petitioner's pending state court action, and concludes abstention pursuant to Younger is required. Petitioner is thus directed to show cause why this matter should not be summarily dismissed without prejudice. The failure to file a timely response will result in this matter being dismissed without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis is provisionally granted for the purpose of filing a response to the show cause order entered herein.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice pursuant to the Younger doctrine.

**IT IS SO ORDERED.**

DATED: This 22nd day of April 2010 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge